UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,                            Case Number 07-20246

v.                                                Honorable David M. Lawson

VICTOR DESHAWN HOLMES,

               Defendant.

_____/

## ORDER DENYING MOTIONS TO REDUCE SENTENCE

This matter is before the Court on two motions by the defendant for a reduction of his sentence filed under the authority of 18 U.S.C. § 3582(c)(2). On June 18, 2012, the defendant filed a motion for sentence reduction, arguing that he is entitled to the benefit of Amendment 706 to the United States Sentencing Guidelines, which reduced the disparity between guideline calculations applied to drug offenses involving crack and powder cocaine. On March 28, 2016, he filed a second motion contending that he is entitled to resentencing based on revisions to the drug quantity tables in the guidelines enacted under Amendment 782. He later filed a corrected copy of that second motion, which added only a copy of a missing certificate of service.

Holmes pleaded guilty on April 28, 2008 to conspiracy to distribute more than five grams of crack cocaine. He had been convicted previously of two felony drug crimes, and therefore he was classified as a career offender according to section 4B1.1(a) of the United States Sentencing Guideline Manual. Because he was a career offender, his sentencing guideline range was calculated at 262 to 327 months. Nonetheless, on August 18, 2008, this Court sentenced Holmes to a custody term of 148 months, to be followed by eight years of supervised release. Holmes's conviction and sentence were affirmed on appeal on November 2, 2010.

The defendant later filed a motion to vacate his guilty plea and dismiss his case, invoking the authority of Federal Rule of Civil Procedure 60(b) and *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008). The Court construed that filing as a motion to vacate sentence under 28 U.S.C. § 2255. The Court denied the motion to vacate on January 4, 2012, finding that the Sixth Circuit had considered and addressed in its opinion on the previous appeal all of the arguments that the defendant raised in challenging his career offender classification, and that those arguments were frivolous.

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(Emphasis added). The defendant argues that he is entitled to a sentence reduction because he was sentenced to the crack cocaine guidelines, as opposed to the career offender guidelines, because the Court substantially departed from the career offender guidelines, and because the Sentencing Commission reduced the crack cocaine guidelines and made them retroactive.

In his first motion, the defendant argues that he is entitled to have his sentence reduced because the United States Sentencing Commission, following the enactment of the Fair Sentencing Act of 2010, issued new and more lenient sentencing guidelines applicable to offenses involving crack cocaine. Those guidelines were made retroactive by the Sentencing Commission as of November 1, 2011, under Amendment 706. However, the Sixth Circuit has held that a defendant

sentenced as a career offender is not eligible for a sentence reduction based on those amended guidelines, even if the court grants a substantial downward departure from the career offender range. *United States v. Perdue*, 572 F.3d 288, 290-92 (6th Cir. 2009).

In his second motion, the defendant argues that he is entitled to have his sentence reduced based on Amendment 782 to the United States Sentencing Guidelines, which retroactively reduced the base offense level of many drug crimes. "The Department of Justice's 'Drugs Minus Two' sentencing policy [was] adopted under then-Attorney General Eric Holder and codified in the Guidelines through Amendment 782, effective November 1, 2014," and "[p]ursuant to that policy, the base offense level of many, but not all, drug crimes was retroactively reduced by two." *United States v. Powell*, 798 F.3d 431, 442 (6th Cir. 2015) (citations omitted). However, as the Sixth Circuit explained in its recent decision in *United States v. Smith*, 814 F.3d 802 (6th Cir. 2016):

> [Section] 3582(c)(2) does not permit a sentence reduction when the operation of another Guidelines provision prevents an amendment from having the effect of lowering the Guidelines range applicable to a defendant's case. Even if Amendment 782 had applied when Smith was sentenced, Smith's status as a career offender under § 4B1.1 still would have required the application of a Guidelines range of 360 months to life. Accordingly, Smith does not qualify for a reduction under § 3582(c)(2), and the district court properly denied such relief.

*Smith*, 814 F.3d at 803.

The defendant is not entitled to have his sentence recalculated based on either of the guideline amendments on which he relies, because his sentence was controlled by the career offender guideline range and not any guideline range derived from calculations under any of the subsequently amended provisions. The Court therefore will deny the defendant's motions.

Accordingly, it is **ORDERED** that the defendant's motions to reduce sentence [dkt. #396, 476, 478] are **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   May 25, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on May 25, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI

-4-